THE EVENING NEWS ASSOCIATION v. JAMES E. TRYON.

*Libel—Exemplary damages—Retraction.*

A publication that is libelous *per se* is presumed to be voluntary
and with malicious motive, and is therefore ground for exemplary
damages.

Where it appears that a libel was published with no intent to injure
the person libeled, and that all proper precautions were observed
in publishing it, the recovery of damages is limited by the actual
injury.

*It seems* that a retraction of a libelous article, published after suit
is begun for the libel, cannot be considered in mitigation of
damages.

Error to Superior Court of Detroit.     Submitted January 14.     Decided January 23.

TRESPASS ON THE CASE for libel.     Defendant brings error.

*C. I. Walker* for plaintiff in error.     A retraction of a
libel made before suit may be considered in mitigation
of damages, Townshend on Slander, § 416, n; 2 Greenl.
Ev., § 275; *Hotchkiss v. Oliphant*, 2 Hill, 512; *Kent v.
Bonzey*, 38 Me., 438; exemplary damages are not to be
imposed for negligence unless there is a reckless disregard
of rights, *Det. Post v. McArthur*, 16 Mich., 452; *Phil.,
W. & B. R. R. Co. v. Quigley*, 21 How, 214; *Milwaukee
R. R. v. Arms*, 91 U. S., 493.

*Maybury & Conely* for defendant in error.

MARSTON, C. J.     This was an action brought to recover
damages suffered by reason of the publication of a libel-
ous article by the plaintiff in error.

We are of opinion that the court correctly instructed
the jury upon the subject of exemplary damages.     In
cases like the present the publication is considered a
voluntary act, and is presumed to have proceeded from
malicious motives, thus entitling the plaintiff to recover

exemplary damages. If it appears upon the trial that there was no intention in fact to injure the plaintiff, and that all proper precaution was observed in the publication of the article complained of, such facts will not prevent a recovery of such damages, but will reduce the amount thereof to such sums as must inevitably have resulted from the wrong. *Scripps v. Reilly*, 38 Mich., 23.

The next question is whether a retraction of the article, published after the commencement of the action, could be considered in mitigation of damages. No direct authority in support of such a position has been cited on the argument, and the cases referred to do not, we think, sustain such a doctrine. If such a retraction may be so considered then there can be no limitation well fixed as to the time within which it should be made, or beyond which it ought not to be so considered. The action may not be commenced until long after the publication complained of, and the trial may be still longer delayed. Besides there may be more than one trial, so that after the libelous article has run its course, a retraction could in no sense mitigate the injury sustained. Indeed, at such a late day, a retraction would but revive the scandal and might be an aggravation rather than otherwise.

We discover no error, and the judgment must be affirmed with costs.

The other Justices concurred.