# CASES

### IN THE

# SUPREME JUDICIAL COURT

#### OF THE

## STATE OF MAINE

---

OSCAR U. SULLIVAN *vs.* DANIEL H. McCAFFERTY.

Oxford. Opinion November 27, 1917.

*Slander. Proof of malice. Punitive damages. General rule as to recovery of damages in action of slander. Rule as to necessity of allegation in order to recover special damages. General rule as to defendant making retraction and when the same may be offered in evidence in mitigation of damages. General rule to be applied on the question of whether defendant believed statements made by him to be true or otherwise. Scope of phrase "honest belief."*

1. Where the defamatory words spoken impute the commission of a crime, and they are not justified by proof of their truth, or that they were spoken on a privileged occasion, the law in such case presumes that they were spoken maliciously. The malice so presumed is called malice in law, and is of itself sufficient to support that action. In such case the slanderous words are said to be actionable *per se.*

2. General damage, as applied to actions for libel and slander, as distinguished from special damage, means that damage which the law will presume. must naturally, proximately and necessarily result to the plaintiff from the utterance of the slander, such as injury to the feelings and injury to the reputation of the plaintiff.

3. In an action of slander where the slanderous words accuse the plaintiff of the commission of a crime, he is entitled to recover such general damage as resulted to him from the slander, without special proof thereof, and irrespective of whether the defendant had an honest belief in the truth of the slanderous statements or not.

4. In an action of slander for accusing the plaintiff of the commission of a crime, a requested instruction which might be understood by the jury to mean that if the defendant had an honest belief in the truth of his slanderous statements concerning the plaintiff, then the plaintiff could recover only such damage as had

been actually proved, should not be given, for that would be an idea of the law of the case wholly erroneous.   We think the requested instructions in the case at bar, if given as worded, might have been so understood by the jury, and for that reason the request as worded was properly refused.

5.   The phrase "honest belief" as used in the requested instruction without addition or qualification, is not an adequate definition of a standard by which it is to be determined if the speaker of false and slanderous words, accusing another of a crime, was or was not actuated by malice in so doing.

6.   Where, in an action of slander, it appears that the defendant falsely stated that the plaintiff had forged his name to a note, and the defendant sets up in defense that he made the statement in good faith and with an honest belief in its truth, mere belief on the part of the defendant in the truth of his false and slanderous statement is not alone sufficient, but it should be made to appear that his belief in the truth of the charge was based upon reasonable grounds for such a belief after the exercise of such means to verify its truth as would be taken by a man of ordinary prudence under like circumstances, and before making such an accusation.

7.   Where in an action of slander the defendant seeks in mitigation of damages to establish an adequate retraction it should appear that it was fully, fairly and promptly made.

8.   Where in an action of slander it appeared that the alleged retraction claimed by the defendant in mitigation of damages was a statement in a letter from him to the plaintiff written long after the suit was brought, and only four days before the case was in order for trial, and the court instructed the jury that a retraction to be of avail in mitigation of damages must be made within a reasonable time after the slander, or within a reasonable time after the defendant could have ascertained that his statement was not true, and left it to the jury to determine whether the retraction claimed was made within a reasonable time, such instruction and ruling were proper and unexceptionable.

9.   Where, in an action of slander for stating that the plaintiff forged the defendant's name to a note, no special damages were proved or alleged, and but slight evidence in support of general damages was given, it appearing that no one believed, or regarded seriously, the defendant's accusation against the plaintiff, an award of $1475 is so plainly excessive as to indicate that the jury did not exercise a sound discretion free from bias or prejudice.

Action on the case to recover damages for alleged slander.   Defendant filed plea of general issue and brief statement.   Verdict for plaintiff in the sum of $1475.00.   Defendant filed motion for new trial, and also exceptions to certain rulings of presiding Justice.   Judgment in accordance with opinion.

Case stated in opinion.

*Albert Beliveau,* for plaintiff.

*Matthew McCarthy,* for defendant,

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

KING, J. Action for slander in which the plaintiff recovered a verdict of $1475. The case comes to this court on the defendant's general motion for a new trial, and on his exceptions to the refusal of certain requested instructions and to the giving of certain other instructions.

The slander complained of is that the defendant said of and concerning the plaintiff "he forged my name to that note," meaning a certain note for fifty dollars, dated September 12th, 1916, on four months, payable to the order of the Rumford Trust Company, and signed by the defendant and also by Thomas W. Penley and the plaintiff. The defendant pleaded the general issue with a brief statement thereunder in which he stated that at the time of the slander he had forgotten that he signed the note, but that his signature thereto is genuine, "and that any statements he may have made to the plaintiff or others concerning the forging of said note were made in good faith and without malice and with an honest belief in their truth."

The evidence was not materially conflicting. About a week before the maturity of the note the defendant, having received notice thereof, called at the bank and asked to see the note and it was shown to him. Thereupon, he immediately went to the plaintiff's store, called him out to the sidewalk, and then and there in a loud voice and angry manner and in the hearing of several persons accused the plaintiff of forging his name to the note. There was evidence that the defendant subsequently said to others that the plaintiff had forged his name to a note. In attempting to explain why he so accused the plaintiff, after he had seen the note at the bank with his signature thereon, the defendant said, "I didn't look particularly at the signature, I looked to see if there was a note there." And he testified that from an examination of the note four days before the trial he was satisfied at once that his signature thereto was genuine; and he then wrote the plaintiff a letter in which he admitted that fact, and said that he proposed to have the letter published in the Rumford Falls Times. It was not published.

THE EXCEPTIONS.

1. The defendant seasonably requested the following instruction: "If the statements made by the defendant were made with an honest belief in their truth, no actual malice should be inferred, and only such damage as has been actually sustained can be recovered." To that request the court said: "I decline to give you that instruction, gentlemen, as it is worded, but I do instruct you that if the statements made by the defendant were made in an honest belief in their truth, and he used the same degree of care that an ordinary prudent man would use, and should use, before accusing the plaintiff of crime, and he could not discover, by the exercise of that care, that the signature to the note was his signature, then no actual malice can be inferred; but it does not lie in the mouth of that man to shut his eyes to the truth so that he does not see. If the defendant knew, or should have known, that that was his note, then it is no excuse for him that he shut his eyes and would not learn the truth." The giving of that qualified instruction instead of the specific instruction requested, is the ground of the first exception.

It is to be observed that the last clause of the request, to wit, "and only such damage as has been actually sustained can be recovered," was not given at all. Two questions, therefore, are open under this exception, first, was it error to omit the last clause of the request? and, second, has the defendant any reasonable ground of complaint that the first part of the request was given with the qualification as above quoted?

In all actions for libel or slander malice is an essential element of the plaintiff's case. But where the defamatory words spoken impute the commission of a crime, and they are not justified by proof of their truth, or that they were spoken on a privileged occasion, the law in such case presumes that they were spoken maliciously. The malice so presumed is called malice in law, and is of itself sufficient to support the action. In the case at bar the defamatory words charged the plaintiff with the crime of forgery. It was a false charge, not privileged either absolutely or qualifiedly, and it was libelous per se. Upon that state of facts the plaintiff's cause of action was conclusively established, and he was entitled to recover some damages. What damages? In this State, two classes of damages may be recovered in actions for libel and slander, to wit, actual or compensa-

tory damages, and exemplary or punitive damage. The first class embraces both special and general damages, so called. By special damage is meant compensation for those injuries which are the natural and proximate, but not the necessary, result of the defamation of the plaintiff—the loss or deprivation of some material temporal advantage, which is directly capable of being valued in money. And to entitle a plaintiff to recover such damages he must both allege and prove them. General damage, however, as applied to such actions, means that damage which the law will presume must naturally, proximately, and necessarily result to the plaintiff from the utterance of the slander, such as injury to the feelings and injury to the reputation of the plaintiff. *Davis* v. *Starrett*, 97 Maine, 568, 575. And such general damages are recoverable without being specially pleaded or proved, and to such an amount as the jury determine will fairly compensate the plaintiff for such injuries necessarily resulting to him from the slander. In the case at bar the plaintiff did not claim special damages; but he did claim, and was entitled to recover, the general damages which he had sustained on account of the slander, that is, such damages as the jury should find would fairly compensate him for the injury to his reputation, to his feelings, and similar injuries, resulting to him from the defendant's defamatory statements concerning him. And no principle is more clearly established by an entire uniformity of decisions, than that damages in actions for slander may be increased upon proof of actual malice. *True* v. *Plumley*, 36 Maine, 466, 484. If the word "proved" had been used in that last clause of the request, instead of "sustained," then the request would have been entirely wrong as a statement of law applicable to the case, for, as we have seen, the plaintiff was entitled to such *general* damages as resulted to him from the slander, without special proof thereof, and irrespective of whether the defendant had an honest belief in the truth of his statements or not. And we think the requested instruction open to the criticism that as worded it might have been understood by the jury to mean, that if they found that the defendant made the statements with an honest belief in their truth, then they could award the plaintiff only such damages as had been actually proved, an idea of the law of the case wholly erroneous. For that reason we think the omission to give the last clause of the requested instruction should not be held reversible error. And the defendant has not really urged in argument that it should be so held.

But the defendant finds fault, and really puts this exception upon the complaint, that in giving the first part of his request the presiding Justice added to it the qualification that it was the defendant's duty, before accusing the plaintiff of the crime of forging his name to the note, to use reasonable care to ascertain whether or not the signature to the note was his own or a forgery, that he was required to use "the same degree of care that an ordinary prudent man would use, and should use, before accusing the plaintiff of crime." Is the defendant's complaint reasonable and sustainable? We think not. He used in his requested instruction the phrase "honest belief," What is the signification of that phrase? Can it be held to mean less than a belief based upon reasonable and probable grounds? In *Toothaker* v. *Conant*, 91 Maine, 438, the defendant claimed that the words used were privileged, and he asked the court to rule that the question for the jury to decide was not whether the defendant had reasonable ground to believe his statement to be true, "but whether he honestly believed it to be true." The request was denied, and the jury were instructed that the defendant "must have reasonable and probable grounds for his belief or his belief would be no defense." That instruction was sustained. In the opinion in that case PETERS, C. J., speaking of the phrase "honest belief," said: "the phrase without addition or qualification is not adequate and sufficient as a definition of the law of justification for what would otherwise be regarded as slanderous words." And certainly it is none the less true, that the phrase "honest belief," as used in the requested instruction, without addition or qualification, was not an adequate and sufficient explanation to the jury of the proper criterion by which they should try the disputed issue whether the defendant was actuated by malice in thus falsely accusing the plaintiff of forgery under the facts and circumstances disclosed. It was proper and necessary that the phrase "honest belief," as used in the requested instruction, should be explained to the jury, and we think the explanation given was correct and applicable to the case. The phrase "honest belief" imports substantially the same idea as the phrase "in good faith" when used, as in the requested instruction, to define a standard by which jurors are to determine if the speaker of false and slanderous words, accusing another of a crime, was or was not actuated by malice in so doing. To have an "honest" belief necessarily implies that one has acted in good faith in forming his belief. And, when one has falsely accused

his neighbor with the commission of a crime, how can it be determined more safely whether the accuser had an "honest" belief in the truth of his accusation than by trying the question of his good faith in forming his alleged belief, under all the circumstances in which he acted, by the standard of care and caution that a reasonably prudent man would have exercised, under the same facts and circumstances, before making such a false accusation? The principle that an "honest belief" must rest on reasonable and probable grounds is recognized in *Bearce* v. *Bass*, 88 Maine, 521, where the court, at page 543, speaks of "an honest belief that the communication is true, such belief being founded on reasonable and probable grounds." In *Allen* v. *Pioneer Press Co.*, (Minn.), 3 L. R. A., 532, 535, the court said: "Good faith . . . requires of the publisher that he exercise the care and vigilance of a prudent and conscientious man. . . ." And in a later case, the same court, affirming the principle laid down in *Allen* v. *Press Co.*, supra, said that to establish good faith mere belief on the part of the publisher in the truth of the publication is not alone sufficient, but it must have been honestly made in the belief of its truth "and upon reasonable grounds for the belief after the exercise of such means to verify its truth as would be taken by a man of ordinary prudence under like circumstances." To the same effect is the language of the court in *Moore* v. *Stevenson*, 27 Conn., 14, 28, where the court refers to unjustifiable publications, "made without authority, or such authority as would be regarded as entitled to credence among upright and careful men." See also 17 R. C. L., page 448. We think the trial court did not err in instructing the jury in this case that, in trying the issue whether the defendant uttered the slanderous accusation against the plaintiff "with an honest belief" in its truth, they should judge his admitted conduct by that degree of care and caution which an ordinary prudent man would use under like circumstances. This exception is, therefore, overruled.

2. The defendant also requested the following instruction: "The fact that the defendant has made a retraction, should be considered in mitigation of damages." To that the court said: "As a rule, a retraction does mitigate the damages, but it is the circumstances under which it is made. Here in this case you should consider that. The note was examined by the defendant. He had been sued by the plaintiff, and four days before this court sat he wrote a letter saying that the statement was false. If he had made the retraction within

a reasonable time from the time he made the statement, or within a reasonable time from the time when he could have ascertained whether it was true or not, it would be admissible in mitigation of damages. But you say, Gentlemen, whether it was in good faith to wait until four days before this court sat, when the writ was entered at the term before, four days before the case could come on for trial, was it a retraction in good faith to write a letter and say he intended to publish it in the paper, and you have no evidence that it has ever been published. The paper is a weekly paper, and it has been published several times since this slanderous statement was made by the defendant. If you think that is a reasonable time within which to make the retraction, why, you may consider it. If it was not within a reasonable time, then it is not to be received in mitigation of damages."

The retraction mentioned in the request evidently refers to the letter written by the defendant to the plaintiff four days before the trial, and three months after the suit was begun. It is by no means free of doubt if that letter, written so long after suit brought, was admissible at all in mitigation. It has been held that an apology or retraction must be made or offered before the person defamed has sought redress in the courts. *Association* v. *Tryon*, 42 Mich., 549, 4 N. W., 267. But in *Turton* v. *N. Y. Rec. Co.*, 144 N. Y., 144, 150, it is said: "We are not prepared to say that a retraction published in good faith after the commencement of an action for libel can under no circumstances be proved in mitigation of damages," adding that "if the defendant promptly after the suit was commenced published a fair and full retraction, we see no reason to doubt that such publication could be proved and submitted to the jury to be considered by them upon the question of exemplary damages." The claimed retraction in the case at bar was communicated only to the slandered person, and, if admissible at all in mitigation, it could be of but slight effect. In *Turner* v. *Hearst*, 115 Cal., 394, 47 Pac., 129, the court said: "The defendant . . . having sought in mitigation of damages to prove the publication of an adequate retraction, it was proper for the court to instruct the jury that when a defendant relies upon such retraction in mitigation of damages, to avail him it should appear that it was fully, fairly and promptly made, and is such as an impartial person would consider reasonable and satisfactory under the circumstances of the case. The question of the sufficiency or

insufficiency is peculiarly for the determination of the jury." In the case at bar the letter was submitted to the jury, and it was left to them to determine whether the defendant's admission that he signed the note, contained in that letter, written only a few days before the action came on for actual trial, and communicated only to the plaintiff, ought to be regarded as a retraction so fully, fairly and promptly made as would seem reasonable to require under the circumstances; if so, then it was to be considered by the jury in mitigation of damages. The defendant's exception to that instruction must be overruled, for it was a ruling as favorable to him, at least, as he was entitled to.

THE MOTION.

It is urged that the damages awarded against the defendant are excessive, and it is upon that point alone that the motion is to be considered. No special damages were claimed, and the evidence from which the jury could have assessed general damages to any considerable amount is comparatively slight. No one appears to have regarded the defendant's accusation against the plaintiff seriously. It seems evident, therefore, that the principal part of the verdict must have been awarded as punitive damages. That the jury were authorized by the facts and circumstances disclosed to include in their verdict some punitive damages is undoubtedly true, but such damages should be awarded in the exercise of a sound discretion taking into consideration all the circumstances in mitigation or aggravation. A study of the case convinces us that the damages awarded are so manifestly excessive as to indicate that the jury did not exercise a sound discretion free from bias or prejudice. It is the opinion of the court that the sum of $800 would be adequate as the damages, both actual and punitive, to be awarded against the defendant in this case. Accordingly the entry will be,

> *Exceptions overruled. The motion overruled, if the plaintiff, within thirty days after the certificate is filed, remits all of the verdict in excess of $800, otherwise the motion is sustained.*