STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss.                                 CIVIL ACTION

RECEIVED & FILED
                                                  DOCKET NO. RE-10-24
                                                  JAW-AND- 7/7/2010

JUL 07 2010

ANDROSCOGGIN
SUPERIOR COURT

MARK BURGESS,

        Plaintiff


v.                                    ORDER ON MOTION TO DISMISS


KRISTOPHER TRENT MURPHY,

        Defendant

## INTRODUCTION

This matter is before the court on Murphy's motion to dismiss the complaint.[1]

Burgess' Amended Complaint alleges in Count I a statutory claim for a private nuisance

in violation of 17 M.R.S.A. § 2701. He alleges that Murphy, who is a police officer, has

used the threat of arrest if Burgess sought to exercise his right to use a prescriptive

easement over the roadway as traveled, for purposes of hauling wood cut upon his

property, and further has falsely accused Burgess of committing serious crimes, including

for example firing .50 cal bullets into his home. Burgess alleges that in 2002 Murphy

threatened to arrest a man hired by Burgess to transport wood from his property. In 2008,

Burgess alleges Murphy again threatened to arrest Burgess if he returned to harvest

wood. Burgess contends that but for the fear engendered by Murphy's threats, he could

sell at least 50 cords of firewood from his property.

---

[1] Some aspects of the motion to dismiss have been addressed by the Amended Complaint
and the court will not discuss those issues.

In Count II of the Amended Complaint, Burgess alleges that false allegations alleging that Burgess had committed a crime constitute slander *per se*. Burgess seeks damages as well as an injunction against Murphy prohibiting him from interfering with Burgess' easement described in *Mark Burgess v. Keeran Murphy Jr.*, ANDSC-RE-98-01 (Me. Super Ct., Andro. Cty, October 29, 1999) (Bradford, J.). This prior decision in an action between Burgess and defendant's father, now deceased, found that Burgess had established the elements necessary for a prescriptive easement over the roadway, as traveled, for the purposes of hauling wood cut upon his property." The roadway runs through defendant's property. Hence, the basis for the dispute.

Defendant counters that Count I fails to plead any course of conduct on the part of defendant which amounts to a public or common or private nuisance as defined by statute or common law, and fails to state a cause of action for damages pursuant to 17 M.R.S.A. § 2701. Defendant further contends that Count II fails to allege any damage, special or otherwise, on account of actions complained of in Count I or Count II, and that Count II fails to allege false statements about plaintiff which "relate to a profession, occupation or official station in which the plaintiff was employed", as required by *Saunders v. VanPelt*, 497 A. 2d 1121, 1124-25 (Me. 1985).

STANDARD OF REVIEW

On a motion to dismiss, a complaint is reviewed "in the light most favorable to the plaintiff to determine whether is sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Johnston v. Me. Energy Recovery Co.*, 2010 ME 52, ¶ 10 (quoting *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A. 2d 626, 629).

STATUTORY CLAIM

The plaintiff, in order to prevail on a nuisance claim, must prove under 17 M.R.S.A. § 2701[2] that (1) he was "injured in his comfort, property, or the enjoyment of his estate," (2) by a common and public or a private nuisance." *Johnston*, 2010 ME 52, ¶ 14. According to the Law Court, a plaintiff could meet the private nuisance element of section 2701 by showing either the activity meets "the general definition established at common law, or that it is specifically made a private nuisance by section 2802." *Id.*

A nuisance claim under section 2802 requires, among other things, "the obstructing or encumbering by fences, buildings or otherwise of highways, private ways, streets, alleys, commons, common landing places or burying grounds." Burgess has not alleged in his complaint any obstruction or encumbrance by fences, buildings or otherwise to satisfy section 2802.

However, section 2701 also provides a cause of action for damages for a common law nuisance. *Id.* ¶ 16. A private nuisance at common law "consists in a use of one's own property in such a manner as to cause injury to the property, or other right, or interest of another." *Id.* ¶ 15. The elements necessary to satisfy a common law cause of action for private nuisance are: (1) the defendant acted with the intent of interfering with the use and enjoyment of the land by those entitled to that use; (2) there was some interference of the kind intended; (3) the interference was substantial such that it caused a reduction in the value of the land; and (4) the interference was of such a nature, duration

---

[2] Section 2701 provides: "Action for damages caused by nuisance. Any person injured in his comfort, property or enjoyment of his estate by common and public or private nuisance may maintain against the offender a civil action for his damages, unless otherwise specially provided."

3

or amount as to constitute unreasonable interference with the use and enjoyment of the land. *Charlton v. Town of Oxford*, 2001 ME 104, ¶¶ 36, 774 A. 2d 366, 377.

Burgess has satisfied the first and second elements of common law private nuisance because Murphy by his threats of arrest and his charging criminal acts interfered with Burgess' use and enjoyment of his land via the easement. However, Burgess has not alleged that the property's value has been diminished. Accordingly, Count 1 is dismissed.

## SLANDER PER SE

Words falsely spoken are actionable as slanderous *per se* if they tend to the prejudice or injury of one in his profession, trade or business. *Pattangal v. Mooers*, 113 Me. 412, 415, 94 A. 561 (1915). However, words imputing a crime are also slanderous *per se. Sullivan v. McCafferty*, 117 Me. 1, 102 A. 324 (1917). No showing of specific harm is required if the false statement accuses a person of a crime or harms a person's professional or occupational reputation. Burgess' complaint alleging that defendant falsely charged him with a crime sufficiently pleads a claim for damages for slander *per se*. Accordingly, Count II is not dismissed.


The entry is:

The Motion to Dismiss is granted in part and denied in part: The Motion to Dismiss Count I is granted and the Motion to Dismiss Count II is denied.


Date: July 1, 2010

Joyce A. Wheeler, Justice

MARK BURGESS  - PLAINTIFF

Attorney for: MARK BURGESS
LEONARD I SHARON   - RETAINED 02/19/2010
LEONARD SHARON ESQ PC
223 MAIN STREET
AUBURN ME 04210-5833



vs
KRISTOPHER TRENT MURPHY  - DEFENDANT


Attorney for: KRISTOPHER TRENT MURPHY
JOHN D CLIFFORD IV - RETAINED 03/04/2010
CLIFFORD & GOLDEN PA
5 MAPLE STREET
PO BOX 368
LISBON FALLS ME 04252

Filing Document: COMPLAINT                    Minor Case Type: NUISANCE
Filing Date: 02/19/2010

## Docket Events:

02/22/2010 FILING DOCUMENT - COMPLAINT FILED ON 02/19/2010


02/22/2010 Party(s):  MARK BURGESS
           ATTORNEY - RETAINED ENTERED ON 02/19/2010
           Plaintiff's Attorney: LEONARD I SHARON


03/03/2010 Party(s):  KRISTOPHER TRENT MURPHY
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 02/24/2010


03/03/2010 Party(s):  KRISTOPHER TRENT MURPHY
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/03/2010


03/03/2010 ORDER - COURT ORDER ENTERED ON 03/03/2010
           THOMAS E DELAHANTY II, JUSTICE
           THE COMPLAINT CONTAINS AN AD DAMNUM FOR A SPECIFIC SUM OF MONEY IN VIOLATION OF 14
           M.R.S.A. 52.  THIS MATTER IS NOT FOR A SUM CERTAIN    FOR LIQUIDATED DAMAGES.  THE CLERK
           SHALL STRIKE THE COMPLAINT AND ANY REFERENCE IN THE DOCKET TO A DEMAND FOR A SPECIFIC SUM
           OF MONEY.  THE CLERK SHALL ALSO RETURN THE COMPLAINT TO PLAINTIFF'S COUNSEL WHO MAY,
           WITHIN 14 DAYS OF THIS DATE, FILE AN AMENDED COMPLAINT IN COMPLIANCE WITH 14 M.R.S.A. 52
           WITHOUT REPAYMENT OF FILING AND OTHER FEES.  IF AN AMENDED COMP  PLAINT IS NOT FILED
           WITHIN 14 DAYS OF THIS DATE, THIS ACTION IS THEN DISMISSED WITHOUT PREJUDICE AND WITHOUT
           FURTHER ORDER OF COURT.  THE CLERK SHALL INCORPORTATE THIS ORDER INTO THE DOCKET BY
           REFERENCE PURSUANT TO M.R.CIV.P. 79(A).  COPY TO LEONARD SHARON, ESQ. ON 3-3-10


03/05/2010 Party(s):  KRISTOPHER TRENT MURPHY
           MOTION - MOTION TO DISMISS FILED ON 03/04/2010
           DEF'S                                                    REC'D ON 4/1/10
           PLT'S OPPOSITION


03/05/2010 Party(s):  MARK BURGESS
           SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 03/05/2010

03/23/2010 Party(s):  KRISTOPHER TRENT MURPHY
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 03/17/2010


03/23/2010 Party(s):  KRISTOPHER TRENT MURPHY
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 03/23/2010


03/23/2010 LETTER - FROM NON-PARTY FILED ON 03/22/2010
          LETTER FROM JOHN CLIFFORD, IV, ESQ. RE: AMENDED COMPLAINT AND MOTION TO DISMISS


05/03/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 05/17/2010 @ 1:30


05/03/2010 HEARING - MOTION TO DISMISS NOTICE SENT ON 05/03/2010


05/03/2010 Party(s):  KRISTOPHER TRENT MURPHY
          ATTORNEY - RETAINED ENTERED ON 03/04/2010
          Defendant's Attorney: JOHN D CLIFFORD IV


05/10/2010 Party(s):  MARK BURGESS
          MOTION - MOTION TO CONTINUE FILED ON 05/10/2010
          UNOPPOSED MOTION TO CONTINUE (SENT TO JUSTICE WHEELER 5/10/10)


05/19/2010 Party(s):  MARK BURGESS
          MOTION - MOTION TO CONTINUE GRANTED ON 05/14/2010
          JOYCE A WHEELER , JUDGE
          COPIES TO PARTIES/COUNSEL


05/19/2010 HEARING - MOTION TO DISMISS CONTINUED ON 05/14/2010


05/19/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 06/09/2010 @ 9:30


05/19/2010 HEARING - MOTION TO DISMISS NOTICE SENT ON 05/19/2010


06/09/2010 HEARING - MOTION TO DISMISS HELD ON 06/09/2010
          JOYCE A WHEELER , JUDGE
          Defendant's Attorney: JOHN D CLIFFORD IV
          Plaintiff's Attorney:  LEONARD I SHARON
          TAPE 357 INDEX 2717-3334 MATTER TAKEN UNDER ADVISEMENT


07/07/2010 Party(s):  KRISTOPHER TRENT MURPHY
          MOTION - MOTION TO DISMISS GRANTED ON 07/01/2010
          JOYCE A WHEELER , JUDGE
          ORDER FILED. MOTION TO DISMISS COUNT 1 IS GRANTED AND THE MOTION TO DISMISS COUNT 2 IS
          DENIED. COPIES TO COUNSEL ON 7-7-10


A TRUE COPY
ATTEST: _____
                Clerk