## BARNES *versus* TRUNDY.

Words, not in themselves actionable, may be the foundation of an action of slander, by reason of some special damage, occasioned by them.

No action can be maintained for *such* words, spoken of a person with reference to his occupation, unless the declaration contain a distinct averment, that they were spoken of and concerning the plaintiff, and of and concerning his occupation.

When words, not in themselves actionable, become so by reason of some special damage occasioned by them, such special damage must be particularly alleged, and it must be proved as laid.

SLANDER.   The trial was before SHEPLEY, C. J.

The plaintiff alleges, *that* he is a trader of integrity and of good reputation ; *that* the defendant, maliciously intending, &c., in the presence and hearing of many good citizens, falsely and maliciously uttered the following false and scandalous words, *of and concerning the plaintiff,* viz : — " It would

make no difference whether the government, (meaning the government of the United States of America,) got the goods, (meaning the goods of the plaintiff, seized by the said government on a libel against the plaintiff,) or Barnes, (meaning the plaintiff;) that in either case you, (meaning one Charles C. Mitchell of Portland aforesaid,) should get nothing from Barnes, (meaning the plaintiff,) that he, (meaning the plaintiff,) was a man of no character, and his word, (meaning the plaintiff's word and character,) not to be taken ; he, (meaning the plaintiff,) had no property ; that his property, (meaning the plaintiff's property,) was all made over and mortgaged ; and ten dollars could not be collected of him, (meaning the plaintiff;) if you, (meaning said Charles C. Mitchell,) had called on me, (meaning said defendant,) I, (meaning the said defendant,) would have given you, (meaning said Mitchell,) a history of his character, (meaning the plaintiff's character,) at the time Barnes, (meaning the plaintiff,) got the goods, (meaning the goods bought of said Charles C. Mitchell by the plaintiff.") By reason of the speaking of which false and scandalous words, in manner aforesaid, the plaintiff hath greatly suffered in his good name and reputation, as a merchant and trader, and lost the good will and esteem of persons of wealth and business, who of late have refused to entrust the plaintiff with their property, or to continue and carry on any commerce with him.

Evidence, tending to prove that the words were uttered by the defendant, was introduced by the plaintiff.

The court instructed the jury, that the words spoken as alleged were not actionable in themselves ; that the plaintiff, to maintain the action, must show special damage ; and that, in consequence of the speaking of the words, some one person, at least, refused to give credit, or to trust the plaintiff with property, or to do business with him ; that, unless they were satisfied such were the fact, the verdict must be for the defendant.

To which ruling the plaintiff excepted.

*S. Fessenden,* for the plaintiff.

Barnes *v.* Trundy.

To call a trader an insolvent or a bankrupt, is in itself actionable. 1 Pike, 110; Cheves, 17; 8 Porter, 486; Cro. James, 578; 3 Selwyn's N. P. 1058; 2 Esp. N. P. chap. 10; 2 Strange, 762; L'd Raymond, 1480.

The allegation of special damage is mere surplusage. Selwyn's N. P. Title Slander.

The words in this case were equivalent to calling the plaintiff a bankrupt. In common parlance, to call one a bankrupt, is equivalent to calling him an insolvent; that is, one not to be trusted, by reason of his insolvency.

If the words were not actionable, the defendant ought to have demurred.

When a count alleges the plaintiff to be a trader, and the words to have been spoken concerning him, the clear intendment of law is, that they were spoken of him in his character of a trader, and concerning his business as a trader.

*Ingalls*, for the defendant.

SHEPLEY, C. J. — Certain doctrines respecting the maintenance of actions for slanderous words spoken, may be regarded as so fully established as to preclude further debate or controversy.

Words in themselves actionable must charge some punishable offence, impute some disgraceful disease, or be spoken of the person in relation to some profession, occupation, or official station in which he was employed.

Words in themselves not actionable may be the foundation of an action by reason of some special damage occasioned by them.

To maintain an action on the ground that words spoken of a person with reference to his profession or occupation, are in themselves actionable, the declaration must contain a distinct averment, that the words were spoken of and concerning the plaintiff, and of and concerning his profession or occupation.

The propriety and necessity for such a rule of law, may be tested by a single example. One person speaking of another says, he is dishonest and roguish. Such words will not be

actionable in themselves merely, because the person spoken of happens to be a lawyer or a trader. To make them actionable they must appear to have been spoken of him as a lawyer or trader, and without a distinct averment in the declaration, that they were so spoken, no cause of action is set forth in it. In the case of *Bloss* v. *Tobey,* 2 Pick. 320, after much research, it was said, examples are too numerous in the books of pleading to make it necessary to quote any of them.

When words in themselves not actionable become so by reason of some special damage, occasioned by them, such special damage must be particularly averred in the delaration, and it must be proved as laid. Cases to prove this are too numerous to be cited.

Let these rules be applied to the present case. The second count contains a colloquium stating, that the plaintiff " for many years past has been a trader" and an averment, that the words were spoken " of and concerning the plaintiff." It does not contain another indispensable one, that they were spoken of and concerning his trade, or of and concerning him as a trader, or of and concerning his character as a trader. The action could not be maintained on that count on the ground, that the words were in themselves actionable, because it contained no such averment.

Nor could the action be maintained on that count on account of special damage occasioned by the words, because it contains no averment, that any special damage named had been occasioned by the words spoken.

The plaintiff could not therefore have been aggrieved by the instructions. They might properly have been more unfavorable and have stated, that the action could not be maintained on that count, if there had been proof of special damage, because it contained no suitable averment of any such damage.

As the contest was confined almost exclusively to the first count, and to the pleadings having reference to it, the second count received little attention during the trial.

*Exceptions overruled.*