MIMA F. KIMBALL, by Pro Ami, vs. LILLIAN P. PAGE.

Penobscot.   Announced April 8, 1902.   Opinion July 15, 1902.

*Pleading.   Slander.*

In a declaration for slander, the plaintiff alleged in the first count in the writ that "Mima stole the pin." In her testimony the plaintiff said the language was " Mima stole the buckle." A variance was claimed. *Held;* that in actions for slander, the law requires strict proof of the words as alleged ; any material variance being fatal.

But in this writ there was a second count, which averred that defendant charged the plaintiff with the crime of larceny, in which the specific words spoken were not stated. *Held;* that a declaration in this form is good.

Under this count any language which charged larceny would sustain it. Whether the language was "Mima stole the pin" or "Mima stole the buckle," was immaterial, as in either form larceny was charged. As applied to this count, the instruction excepted to, that "it would be sufficient compliance if in this case the allegation was, Mima stole the pin, and the proof was, Mima stole; those two words being sufficient to impute to another the commission of this crime of larceny," is correct.

The verdict was general, and can be sustained upon the second count, and the defendant has not been harmed.

Motions and exceptions by defendant.   Overruled.

Case for slander.   The slander was in the words:   "Mima stole the pin," "Mima must have stolen the pin." The second count charged the plaintiff "with the crime of larceny."

*H. H. Patten,* for plaintiff.

*F. J. Martin and H. M. Cook,* for defendant.

Counsel cited, on the exceptions:   *Whiting* v. *Smith,* 13 Pick. 364, 371;   *Cratty* v. *Morrisey,* 40 Ill. 477;   *Payson* v. *Macomber,* 3 Allen, 69;   *Chapin* v. *White,* 102 Mass. 139;   *Sanford* v. *Gaddis,* 15 Ill. 229;   *Walters* v. *Mace,* 2 B. & Ald. 756, 1 Chitty's Rep. 507, 18 E. C. L. 149;   *Gardner* v. *Self,* 15 Mo. 480;   *Bundy* v. *Hart,* 46 Mo. 460; 2 Am. Rep. 525;   *Ratcliff* v. *Shubely,* Cro. Eliz. 224;   Greenleaf on Evidence, 14th Ed. Vol. 2, § 414;   *Estes* v. *Estes,* 75 Maine, 478, 481.

On the general motion: *Stacy* v. *Portland Pub. Co.*, 68 Maine, 279; *Gilmore* v. *Mathews*, 67 Maine, 517; *Estes* v. *Estes, supra.*

SITTING : EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

STROUT, J.   A careful examination of the evidence fails to satisfy us that the verdict is clearly wrong.   The testimony was contradictory.   The jury saw the witnesses, and was in a better situation to determine the facts, than we can be from a printed report.   The motion to set aside the verdict as against evidence cannot be sustained.

There is also a motion to set the verdict aside, upon the ground of newly-discovered evidence.   This relates to alleged conversations between the plaintiff and defendant, after the trial, in which it is claimed that plaintiff said substantially that her testimony at the trial was untrue.   The witnesses called upon this motion disagree as to important facts — one or more of them saying that plaintiff said at the interview with defendant that her testimony was true, others testifying to same conversation, state the contrary.   The defendant says she did not send for plaintiff — a witness called by her, says she did.   There is an air of suspicion attached to this testimony as to the interview between the defendant, a mature woman, and the plaintiff, an inexperienced girl.   It seems improbable that plaintiff, after the trial and a verdict in her favor, would voluntarily tell the defendant that her testimony at the trial was untrue, in its material points. Strong evidence is required to satisfy the mind that such statements were made.   Without fully reviewing this evidence, in view of its improbability, the difference of statement of the various witnesses, the condition, age, and relation of the parties, we are not impressed with the belief that this evidence, if offered on trial, would or ought to change the result.   This motion cannot be sustained.

Upon the exceptions, the first count in the declaration charges the slander to be, "Mima stole the pin," — "Mima must have stolen that pin."   In her direct examination plaintiff stated that defendant's language was, "Mima stole the pin."   On cross-examination, she said the language was, "Mima stole the buckle."   Other witnesses for plaintiff say the language was, "Mima stole the pin."   Defend-

ant claimed a variance between the allegation and proof. The presiding justice instructed the jury that "the allegation must equal or exceed the proof",—"the words must be the same, but they need not be all the words that are alleged." "It would be sufficient compliance if in this case the allegation was, Mima stole the pin, and the proof was, Mima stole : those two words only being sufficient to impute to another the commission of this crime of larceny; that would be sufficient even if the further qualifying words were not used." To this ruling exception is taken.

It is the general rule in actions for slander, where the words spoken are set out in the declaration, that they must be proved strictly as alleged. In the early cases in this country and in England, the slightest variation in the words proved from those alleged, was held to be fatal. But this rule has been somewhat modified, and it is now held that "material words, those which are essential to the charge made, must be proved as alleged, and cannot be supplied by equivalent words, as words in one language by a translation into another. But in relation to unimportant, connecting or descriptive words, some latitude is allowed." "But even now the form of expression cannot be varied so far as to substitute the second person for the third, as you for he, or the reverse. *Whiting* v. *Smith*, 13 Pick. 364. In *Chapin* v. *White*, 102 Mass. 139, it is said that "if the pleader adds any allegation which narrows and limits that which is essential, it becomes descriptive, and must be proved as alleged. It identifies the slander." In this count, the charge is that of stealing a pin. That charge was not sustained by proof of a charge of stealing any other article. Defendant could not justify by proving the larceny of anything else. Although the charge of stealing would imply a criminal offense, it is not the identical offense which this count alleges that was charged by the defendant. The instruction that it was sufficient to prove that defendant said the plaintiff stole, was erroneous, as applied to the first count. *Estes* v. *Estes*, 75 Maine, 478.

But the second count alleges that defendant charged the plaintiff "with the crime of larceny," without setting forth the language of

the slander. This general declaration for slander charging a crime, is good. If the defendant desired, under it, she could call for a specification of the language, but this was not done. This form of declaring was sustained before the separation of Maine from Massachusetts in *Nye* v. *Otis*, 8 Mass. 122, and has been upheld by this court in *True* v. *Plumley*, 36 Maine, 466; *Burbank* v. *Horn*, 39 Maine, 233 ; *Small* v. *Clewley*, 60 Maine, 262.

Under this count evidence that defendant charged plaintiff with the theft of a buckle, or of a pin, would be sufficient to sustain the averment. As applied to this count, the instruction that it was sufficient to prove that defendant said Mima stole, is unobjectionable. Stealing is larceny. To charge that plaintiff stole, is to make a charge of larceny, and it is immaterial what article was charged to have been stolen. The slander could be justified by proof of the stealing of anything.

The verdict was general, and can be sustained upon the second count. Applied to that, the instruction was correct, and the defendant has not been harmed.

*Motions and exceptions overruled.*