JAMES L. BIGNER *v.* JAMES HODGES.

1. SLANDER.    *Allegata and probata.    Variance.*

An allegation in a declaration for slander that defendant had falsely spoken and published of and concerning plaintiff, a butcher, that he, the plaintiff, "had butchered and sold to his patrons a steer affected with a loathsome disease and which at the time had a running sore or cancer on its leg," is supported by testimony showing that defendant had so spoken and published of and concerning plaintiff, the following words: "He had butchered and sold a steer which was unfit for use, because it had a running sore on its leg," and the variance was immaterial.

2. SAME.    *Privilege communication.    Statements to officers.*

Statements causually made to officers, not for the public good, which were also made to other persons, are not privilege communications.

FROM the circuit court of Lincoln county.

HON. ROBERT POWELL, Judge.

Hodges, appellee, was plaintiff, and Bigner, appellant, was defendant in the court below. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The suit was for slander. On the trial the evidence was to the effect that both Bigner and Hodges were butchers in the village of Norfield, and that Bigner had been offered a steer for beef by one Williams, and that Hodges, some days after that bought the steer from Williams and butchered it, and sold it in the market in Norfield, and that Bigner went to the mayor, Osborn, and the marshal, Camel, and said to them, that "Hodges had butchered and sold to his patrons a steer which was unfit for use, because it had a running sore on its leg"; that Bigner asked the mayor and marshal to go and look at the hide, which they afterwards did, and found that there had been a sore on the animal's leg, but it had entirely healed when the steer was butch-

ered by Hodges. After plaintiff had rested, defendant moved to exclude the evidence, because there was a material variance between the allegations of the declaration and the proof. Plaintiff then asked leave to amend his declaration by striking out the words, "plaintiff had butchered, and sold to his patrons a steer effected with a loathsome disease, and at the time it was butchered, had a running sore or cancer on its leg," and insert, "Jim Hodges (meaning plaintiff) has butchered a beef and sold it to the people that was not fit for use, because it had a running sore on its leg." The court allowed plaintiff to make this amendment. There was also proof that defendant made similar statements of the condition of the steer to other persons besides the mayor and marshal of Norfield. Defendant made a motion to exclude all the testimony of the plaintiff because there was a material variance between the allegations of the amended and the original declarations and the testimony on the part of plaintiff, and because plaintiff's testimony shows that the statements made by defendant were privileged communications. The court below overruled this motion.

*A. C. McNair,* for appellant.

The words proven to have been spoken were not the exact words alleged, nor are they synonymous. They must be the same or synonymous words. It is not sufficient that the same general idea is conveyed. The variance was fatal and the motion should have been sustained, and a judgment rendered for the defendant. *Jones* v. *Edwards,* 57 Miss., 28; *Furr* v. *Speed,* 74 Miss., 423; 13 Am. & Eng. Enc. Law, 478, 480 and notes.

A qualified privilege extends to all communications made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty, and to cases where the duty is not a legal one, but where it is of a moral or social character of imperfect obligation. Cooley on

Torts, 217; Addison on Torts, sec. 1091; 13 Am. & Eng. Enc. Law (1st ed.), 411.

Where a person is so situated that it becomes right, in the interest of society, that he should tell to a third person certain facts, then if he *bona fide* and without malice does tell them, it is a privileged communication. 13 Am. & Eng. Enc. Law (1st ed.), 416, 417.

Privileged communications constitute an exception to the general law relating to libel and slander, and for the reason that they are presumed not to be malicious. If they are spoken on a just occasion, the communication is privileged, and express malice must be shown in order to maintain an action. If the circumstances making the communication a privileged one appear upon the plaintiff's own showing, or in the testimony of his witnesses, as a part of his case, then he must prove express malice. *Jarnigan* v. *Fleming,* 43 Miss., 710.

*H. Cassedy,* for appellee.

The words proved, to say the least of it, are synonymous to the words alleged, as they convey the same specific idea, the same identical thought, and all are actionable. *Furr* v. *Speed,* 74 Miss., 423.

The witness, Tom Kit Johnson, who was not an officer, testified to the same synonymous words having been spoken to him by defendant. *Campbell* v. *Bannister,* 79 Ky., 205.

The testimony did not show that Bigner approached the mayor and marshal to lodge a complaint. The communication to Tom Kit Johnson was evidence of malice, and taken in connection with the evidence showing the soundness of the animal slaughtered, it was a question for the jury to determine whether Bigner was acting in good faith or not. Newell on Slander and Libel (2d ed.), p. 390, *et seq.; Whitney* v. *Allen,* 62 Ill., 472; *Pierce* v. *Oard,* 23 Neb., 828; s.c. 37 N. W., 677; *Garrett* v. *Dickerson,* 19 Md., 418.

The statement was not made in the course of a judicial proceeding, nor was it followed up by an affidavit.

CALHOON, J., delivered the opinion of the court.

It is questionable whether any amendment of the declaration was needed, but, if it was, the allowance of it was proper. We think there was no material variance between the *allegata* and *probata.* The words are practically synonymous.

The doctrine of privileged communications cannot afford shelter. The mayor and the marshal were not the only persons to whom the words were spoken, and, even as to them, the defendant himself testified that he met them casually and made his statement to them. It is difficult to believe that it was for the public good he designed the communication. The jury did not believe that it was, and the verdict for $150 is not excessive.

*Affirmed.*