FRIEDA L. ELMS *vs.* REBECCA RIGGS CRANE.

Knox.	Opinion October 7, 1919.

*Libel.	General rule to be applied in considering whether defamatory words are*
*actionable.	Rule as to liability for repetition of slanderous words.	When*
*slanderous words may be privileged.	Degrees of malice in actions*
*of slander and libel.	Damages.	Rule of pleading where*
*special damages are claimed.	When punitive*
*damages may be assessed.*

Action to recover damages for a libel contained in letters written by the defendant to one Sarah L. Yeager.	Not in terms but by necessary implication the letters charged the plaintiff with larceny.

The defendant contends that the letters were privileged in that they were written for the purpose of aiding in the investigation and punishment of crime.

*Held:*

That to be thus privileged an accusation of crime must be made (1) in good faith and without actual malice, (2) upon reasonable or probable cause after a reasonably careful inquiry, and (3) for the public purpose of detecting and bringing a criminal to punishment.

That the defense of privilege is not sustained.

That the defendant is responsible for such repetition of the libel and such publicity as are fairly within the contemplation of the original libel and are the natural consequences of it.

That special damages can be recovered only if alleged and proved and punitive damages only if actual malice is shown.

That there is and can be no fixed rule for determining even actual damages in this class of cases.	The plaintiff is entitled to recover for her injuries caused by the libel, including damages up to the present time and for the future.	She is entitled to damages sufficient to compensate her for her humiliation and for such injury to her feelings and to her reputation as have been proved or may reasonably be presumed.	She is not confined to such damages as might have resulted from a communication to Mrs. Yeager alone, never communicated by her to any other.	The plaintiff is not entitled to damages for the

publicity which this trial has caused. But such repetition and such publicity as are the natural consequences of the original publication may be taken into account.

Action on the case for libel. Defendant filed plea of general issue, and also brief statement claiming that certain parts of the alleged libel were privileged. At the close of the evidence by agreement of parties, the case was reported to the Law Court to determine all questions of law and fact and render judgment in accordance therewith. Judgment for plaintiff in the sum of seven hundred and fifty dollars. .

Case stated in opinion.

*Charles T. Smalley,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. On report. Action of libel. The circumstances involved occurred at Islesboro, where in the summer and autumn of 1917 the plaintiff and the deponent, Sarah L. Yeager, were boarding with the witness, Laura E. Hatch, and the defendant was occupying a summer cottage owned by her mother.

The plaintiff, who is by occupation an artist's model, posed during the summer for Charles Dana Gibson. In her spare time she was employed by the defendant who is an amateur sculptress    In September, Mr. Gibson left Islesboro and the plaintiff, for about two weeks, posed exclusively for the defendant.

On Saturday, September 22nd, the plaintiff's employment by the defendant terminated. A little later on the same day the defendant discovered that a beaver coat owned by her was missing. She suspected that the plaintiff had taken it and knowing Mrs. Yeager, and that she lived at Mrs. Hatch's house, where the plaintiff was boarding, wrote the following letter:

"DEAR MRS. YEAGER:

We cannot find that long soft beaver coat you have so often seen me come in in. I am very anxious not to make a fuss that would hurt Miss Elms in any way but we have also missed a pair of Mr. Crane's

gold rimmed goggles and a small electric lamp. Could you get her away quietly and make a search without her knowing it? She is the only one who has been where these things were. I implore you to keep it a dead secret. I am hurrying as I am afraid she goes to Camden tonight or tomorrow.

Hastily,

R. R. CRANE."

Mrs. Yeager informed Mrs. Hatch and together they searched the plaintiff's room but did not find the coat. The following (Sunday) morning, after an interview with the plaintiff, the defendant again wrote Mrs. Yeager, as follows:

"DEAR MRS. YEAGER:

I have told Miss Elms to produce the coat and I will forget the money. She confessed she had lied to me about the board. She tells me she has only $14 left and Mrs. Hatch better see to it that she is paid before she leaves on the 2:40 today, which is when I told her to at first, but have just written her that if she can't produce the coat today to wait over till tomorrow and think it over. Please get Mrs. Hatch to let me know when she does go. Marsh has missed a razor since her visit today.

So sorry to bother you,

Sincerely yours,

REBECCA R. CRANE."

Sometime after both parties left Islesboro the coat was found in some shrubbery and returned to Mrs. Crane. This action of libel is brought against the defendant for the writing and publishing of the letters above quoted.

ARE LETTERS LIBELOUS.

"If the defamatory words taken in their natural and ordinary signification fairly import a criminal charge it is sufficient to render them actionable." *Thompson* v. *Sun. Pub. Co.*, 91 Maine, 207; *Davis* v. *Starrett*, 97 Maine, 575.

It is clear and is not disputed by the defendant's counsel that the letters above quoted, construing their language according to its natural and ordinary meaning fairly import a charge of larceny.

PRIVILEGE:

The defendant claims that her communications were privileged in that they were written for the purpose of aiding in the investigation and punishment of crime.

"Upon grounds of public policy communications which would otherwise be slanderous are protected as privileged if they are made in good faith in the prosecution of an inquiry regarding a crime which has been committed and for the purpose of detecting and bringing to punishment the criminal." *Eames* v. *Whittaker*, 123 Mass., 344. See also to same effect: *Chapman* v. *Battle*, 124 Ga., 574, 52, S. E., 812; *Flanagan* v. *McLane*, 87 Conn., 220, 87 Atl., 727; *Beshiers* v. *Allen*, (Okl.), 148 Pac., 141.

But to be on this ground privileged any accusation of crime in pursuance of such inquiry must be made (1) in good faith and without actual malice, (*Eames* v. *Whittaker*, supra; *McNally* v. *Burleigh*, 91 Maine, 22; *Hollenbeck* v. *Ristine*, 105 Iowa, 488, 75 N. W., 355), (2) upon reasonable or probable cause after a reasonably careful inquiry (*McNally* v. *Burleigh*, 91 Maine, 23), and (3) for the public purpose of detecting and bringing a criminal to punishment. *Eames* v. *Whittaker*, supra; *Bigner* v. *Hodges*, 82 Miss., 215, 33 So., 980; *Fahey* v. *Shafer*, 98 Wash., 517, 167 Pac., 1118.

1. Malice in its popular sense of rancor, personal animosity or ill will, is not shown in this case. But the courts construe the word more broadly. A charge of crime is malicious, and, therefore, not privileged if made "wantonly and recklessly . . . . out of an entire disregard to the rights of the person" accused. *Robinson* v. *Van Auken*, 190 Mass., 166.

In this sense the conduct of the defendant may be fairly characterized as malicious.

2. The case of *McNally* v. *Burleigh*, cited above, is, of course, not parallel to the pending case. It involved the publication of a libel in a newspaper. Such a publication manifestly requires for its justification a better foundation and a fuller inquiry than a publication by private letter. But a charge of crime based upon groundless suspicion can never be privileged.

In this case the only reason for suspicion was the by no means exclusive opportunity which the plaintiff had to take the coat. The admitted fact that Miss Elms deceived the defendant in respect to the board does not affect the situation. The accusation of larceny had been made before the defendant discovered the deception.

3.   The defendant made the accusation not to an officer charged with the duty of enforcing the law, but to a private person having no duty and no responsibility in the premises.   It is apparent that hers was not the public motive of vindicating the law and protecting society by punishing the criminal, but rather the purely private motive of recovering her lost garment.   No other ground of privilege is claimed.

The defense of privilege is not sustained by the evidence.

DAMAGES:
Where, as in the case at bar, the language used is libelous per se it is legally malicious and such damages as naturally, proximately and necessarily result from the publication are presumed.   *Newbit* v. *Statuck*, 35 Maine, 318; *True* v. *Plumley*, 36 Maine, 478.

"The repetition of the slander by those to whom it was uttered and after that by others may be regarded as fairly within the contemplation of the original slander and a consequence for which the defendant may be held responsible."   *Davis* v. *Starrett*, 97 Maine, 576.

There are authorities opposed to this view.   But we adhere to the opinion of Judge Savage in *Davis* v. *Starrett*.   We hold that the defendant is responsible for such repetitions of the libel and such publicity as are fairly within the contemplation of the original publication and are the natural consequences of it.   18 A. & E. Ency., 2 Ed. 1018.   25 Cyc. 506 and cases cited.

Such general damages are not necessarily nominal.   Substantial damages may be recovered without proof either of special damages or actual malice.   *Davis* v. *Starrett*, supra.   Actual malice, or malice in fact may be shown for the purpose of enhancing damages.   *Pullen* v. *Glidden*, 68 Maine, 564; *Jellison* v. *Goodwin*, 43 Maine, 288.

Special damages may be recovered but only if alleged and proved. *Davis* v. *Starrett*, supra.

The jury or the court in a case reported may assess punitive damages, but not unless actual malice is proved.   18 Am. & Eng., Ency., 2 Ed. 1093, 25 Cyc. 536 and cases cited.

In the pending case the language used is libelous per se. It is legally malicious. The defendant is liable for the natural, proximate and necessary consequences of the libel. Mrs. Crane was a woman of high social standing whose accusation would carry greater weight and naturally cause greater damage than would a similar accusation by a person in humbler circumstances. The charge was in a legal sense malicious, though not malignant nor based upon personal ill will. On the other hand, it does not appear that the plaintiff actually lost employment or in other respects suffered special damage. There is and can be no fixed rule for determining even actual damages in this class of cases. The plaintiff is entitled to recover for her injuries caused by the libel, including damages up to the present time and for the future. She is entitled to damages sufficient to compensate her for her humiliation and for such injury to her feelings and to her reputation as have been proved or may reasonably be presumed. She is not confined to such damages as might have resulted from a communication to Mrs. Yeager alone, never communicated by her to any other. The plaintiff is not entitled to damages for the publicity which this trial has caused. But such repetition and such publicity as are the natural consequences of the original publication may be taken into account.

Upon considering the whole case we think that the plaintiff's damages should properly be assessed at $750.

*Judgment for plaintiff for $750.*