CLARENCE W. HALL *vs.* FRED L. EDWARDS.

Oxford.    Opinion, January 12, 1942.

*George A. Hutchins,* Rumford,

*Robert A. Smith,* South Paris, for plaintiff.

*Peter M. McDonald,* and

*Alfonso A. Alberti,* Rumford, for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER, J.   This is an action for slander. After a verdict for the plaintiff, the case is before us on a general motion for a new trial based on the usual grounds, that the verdict is against the law and the evidence, and that the damages are excessive.

A careful reading of the evidence shows no serious dispute as to the salient facts. The jury would have been warranted in finding that the defendant on several occasions and in the presence of third persons charged the plaintiff with having stolen the defendant's boards and referred to him as a thief. With a plea of the general issue, the defendant filed a brief statement setting forth that the statements made were privi-

leged and also claiming a justification on the ground that the accusation was true. There is no basis whatsoever for the claim of privilege and the jury appears to have been fully justified in finding, as of course they did find, that the charge made by the defendant was false. The only possible ground on which the defendant can legitimately attack the verdict is that the damages assessed by the jury are excessive.

The law is well settled that words such as were here found to have been used are actionable *per se* and that it is not necessary for the plaintiff to prove special damages or actual malice in order to recover a substantial amount. *True* v. *Plumley,* 36 Me., 466; *Davis* v. *Starrett,* 97 Me., 568, 55 A., 516; *Elms* v. *Crane,* 118 Me., 261, 107 A., 852. Actual malice may, however, be shown for the purpose of enhancing damages. *True* v. *Plumley,* supra; *Jellison* v. *Goodwin,* 43 Me., 287, 69 Am. Dec., 62; *Elms* v. *Crane,* supra. Also a jury is warranted in increasing an award because of the failure of a defendant to establish by evidence a plea of truth. *Smith* v. *Wyman,* 16 Me., 14; *Sawyer* v. *Hopkins,* 22 Me., 268; *Davis* v. *Starrett,* supra.

This particular defendant seems to have done about all that he could do to justify a jury in awarding a substantial sum against him. He first made the charge in an angry manner in a place frequented by the public; and on other similar occasions he repeated it in the same manner. He never withdrew it or qualified it; and then at the trial of the cause pleaded the truth, and failed to sustain his plea. There was evidence from which the jury could have found actual malice. Furthermore, the defendant was a man of standing in the community, according to his own statement worth over $300,000. This was a circumstance which the jury were justified in taking into consideration in making their award. *Humphries* v. *Parker,* 52 Me., 502. The plaintiff was an old man and there is evidence that the publicity which the defendant gave to the charge caused him real mental anguish. This was a proper factor to be considered by the jury. *Davis* v. *Starrett,* supra; *Sullivan* v. *McCafferty,* 117 Me., 1, 102 A., 324; *Elms* v. *Crane,* supra. An award of

exemplary damages was justified under such facts as these. *Harmon* v. *Harmon,* 61 Me., 233; *Sullivan* v. *McCafferty,* supra; *Elms* v. *Crane,* supra; *Stanley* v. *Prince,* 118 Me., 360, 108 A., 328.This is not such a case as *Stacy* v. *Portland Publishing Co.,* 68 Me., 279, which holds that punitive damages cannot be recovered where a jury finds that the only damages suffered were nominal.

In spite of all these elements of aggravation, there is one fact which we feel must be taken into consideration. The two men here involved had lived in the town of Bethel for very many years. They were both well known and there is no evidence whatsoever to indicate that the violent and unjustified language used by the defendant was taken very seriously by neighbors and friends in that community or that it resulted in any very substantial damage to the reputation of the plaintiff among those who knew him or who lived there. Under all the circumstances, we feel that the award of $3,000 cannot be justified. The sum of $2,000 will, in our opinion, amply compensate the plaintiff and will, to use the words of this court in another case, *Humphries* v. *Parker,* supra, "probably make the defendant wiser for the future."

> *If the plaintiff remits all of the verdict in excess of $2,000 within thirty days after the rescript in this case is received, motion overruled; otherwise motion sustained, new trial granted.*