Bruce T. SAUNDERS

v.

John C. VanPELT.

Supreme Judicial Court of Maine.

Argued June 4, 1985.

Decided Sept. 3, 1985.

Markos & Roy by Peter R. Roy (orally), Ellsworth, for plaintiff.

Eaton, Peabody, Bradford & Veague, P.A. by John E. McKay (orally), Bangor, Libhart & Ferm by Wayne P. Libhart, Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

GLASSMAN, Justice.

In this slander action, the defendant, John C. VanPelt, appeals from the judgment of the Superior Court, Penobscot County, entered on the jury's verdict awarding the plaintiff, Bruce T. Saunders, $75,000 compensatory damages and $25,000 punitive damages. Because we reject the defendant's contentions that (1) the case should not have been submitted to the jury, (2) the evidence does not support the verdict, (3) the compensatory damages are excessive and (4) punitive damages were improperly awarded, we affirm the judgment.

I.

From 1976 to 1979, the plaintiff, a psychologist, was the Clinical Director of the Department of Psychology at Eastern Maine Medical Center (EMMC) in Bangor and also engaged in private practice. In September of 1979, EMMC disbanded the Department of Psychology. EMMC and the plaintiff mutually agreed upon the termination of the plaintiff's employment as Director, and thereafter the plaintiff concentrated on his private practice. The plaintiff had contracts with several school unions, including School Union 93, for the psychological testing of any child referred to him.

The defendant, a pediatrician, was the Director of the Child Development Center (CDC) at EMMC. The function of the CDC was to provide a multi-disciplinary diagnosis and recommendation for treatment of children referred to it. Union 93 had referred to the CDC children having difficulties in school. During the fall of the 1979–80 school year, the CDC did no psychological testing of those children. However, during the course of the plaintiff's employment with EMMC, he had done the psychological testing of some of the children referred to CDC.

In late 1979, the defendant medically evaluated a child from School Union 93. On learning that the plaintiff would be performing psychological testing of the

child, the defendant made comments about the plaintiff to the child's parents which were apparently reported to school officials. Thomas Poole, Superintendent of School Union 93, and Harold White, Assistant Director of the Hancock County Educational Cooperative, initiated telephone calls to the defendant concerning these comments. The statements of the defendant during these two telephone calls led to the present litigation.

In his action for slander against the defendant, the plaintiff alleged that the defendant, with actual malice and with the wrongful and willful intent to injure the plaintiff in his professional capacity, had made statements to the effect that the plaintiff "was incompetent and not qualified to work with children and was ineffective with [them]" and "had been dismissed by the CDC based upon his incompetence." Claiming that he had been injured in his reputation and good standing in the community and in his profession, he sought both compensatory and punitive damages.[1]

In his answer, the defendant denied making the alleged statements about the plaintiff and affirmatively pleaded that "anything [he] had ever said about [the] plaintiff was true and did not constitute a publication."

At trial, both Poole and White testified as to the purpose for and content of their respective telephone conversations with the defendant. The defendant by his testimony continued to deny the alleged statements and offered his version of the purpose for and contents of the conversations.

The court denied the defendant's timely motions for a directed verdict. At the re-

quest of the defendant the court instructed on conditional privilege.

By special verdict the jury found that the defendant stated to Poole of the plaintiff:

He is incompetent to work with children.

We had him here and we got rid of him.

I don't care who you tell.

and had stated to White of the plaintiff:

He is incompetent to work with children.

We had him here and got rid of him.

Further, the jury found the defendant's "remarks were made deliberately and intentionally, with evil or malicious intent primarily to defame and slander Plaintiff, rather than made in response to questions from White or Poole regarding the treatment of a patient." The jury also found that the plaintiff had suffered actual damages "including mental suffering, humiliation or injury to his feelings," and awarded the plaintiff $75,000 compensatory damages and $25,000 punitive damages.

The court denied the defendant's motions for a judgment notwithstanding the verdict and for a new trial and the defendant appealed.

## II.

First, the defendant contends that because both parties testified as to the absence of antagonism or animosity between the two and the plaintiff failed to show that the defendant exhibited a reckless disregard of the truth, the plaintiff could not have met his burden of showing an abuse of a conditional privilege, and accordingly the court erred in submitting the case to the jury.[2] We disagree.

As early as 1850 in *Barnes v. Trundy*, 31 Me. 321, we held that words falsely spoken are slanderous per se if they

1. The complaint also sought damages against EMMC. By a separate count, the complaint alleged that the defendants, VanPelt and EMMC, had intentionally interfered with a contractual relationship between the plaintiff and School Union No. 93. The court granted the defendants' motion for summary judgment as to this count. At the close of the plaintiff's case, the court granted EMMC's motion for a directed verdict as to the remaining count.

2. We reject the defendant's argument that this case is governed by *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Unlike that case, the instant case involves neither a public figure nor an issue of public interest. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, —— U.S. ——, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985).

relate to a profession, occupation or official station in which the plaintiff was employed. Malice is implied as a matter of law in such cases, and the claimant may recover compensatory damages without proving special damages. *Farrell v. Kramer*, 159 Me. 387, 390, 193 A.2d 560, 562 (1963). Words otherwise slanderous per se may not be actionable if privileged. *See Bearce v. Bass*, 88 Me. 521, 34 A. 411 (1896); *Restatement (Second) of Torts* §§ 582–598A (1976).[3]

When the issue is properly raised, the defendant has the burden of proving the circumstances necessary for the existence of a conditional privilege. *Id.,* § 613(2). A conditional privilege does not change the actionable quality of words published but merely rebuts the inference of malice that is imputed in the absence of privilege. To recover, the plaintiff must then show the loss of the conditional privilege through its abuse. *See id.* at § 613; W. Prosser, *Law of Torts* § 115 (4th ed. 1971).

A conditional privilege can be abused, if in the publication of defamatory matter concerning another, one acts in reckless disregard as to its truth or falsity. *See Restatement (Second) of Torts* § 600 *et seq.* (1976).

It is for the court to determine whether the occasion upon which the defendant published defamatory matter gives rise to a conditional privilege. If the circumstances of that occasion, as here, are disputed, it is for the jury to determine what the circumstances were in fact. It is only when a conditional privilege exists that the jury must determine whether the defendant abused that privilege. *See id.,* § 619.

Here, the defendant by his answer and testimony at trial denied having made the alleged statements. No attempt was made to plead or prove the truth of these statements, and accordingly they must be regarded as false. *Pattangall v. Mooers*, 113 Me. 412, 415, 94 A. 561, 562 (1915); M.R.Civ.P. 8(d); *Restatement (Second) of Torts* § 581 (1976). We are satisfied by our review of the record that the defendant's false statements concerning the plaintiff were actionable per se. The circumstances of the occasion giving rise to the defendant's claim of conditional privilege were grounded upon his version of the purpose and contents of his telephone conversations with Poole and White, which sharply diverged from that testified to by both Poole and White. The jury, however, rejected the defendant's version of the purpose of the telephone calls and the statements made by him during their course thereby rejecting the defendant's claim of privilege. The jury could properly consider the credibility of the witnesses and reject the testimony of the defendant. The jury's findings on these issues are amply supported by the evidence and will not be disturbed on appeal. *Manchester v. Dugan*, 247 A.2d 827 (Me.1968).

Because the jury by rejecting the defendant's testimony rejected his claim of a conditional privilege, we need not consider whether the evidence submitted to the jury would have supported a finding of an abuse of a conditional privilege.

### III.

The defendant next contends that the evidence is insufficient to support the verdict because all the exact words pleaded were not proved. The plaintiff alleged, *inter alia*, that the defendant stated the plaintiff "had been dismissed by the CDC based upon his incompetence." The jury found, "We had him here and got rid of him." The defendant argues this divergence is fatal to the plaintiff's claim. We

---

**3.** The *Restatement (Second) of Torts* §§ 593–598A (1976) special note states:

At common law a defendant was privileged to make a statement about another party even though it was defamatory, so long as he was making the statement to protect certain defined interests and he did not abuse the privilege. These are called conditional privileges, and they are now set out in §§ 593–598A.

disagree. In *Kimball v. Page*, 96 Me. 487, 52 A. 1010 (1902), we held that material words, those essential to the charges made, must be proved as alleged, but that some latitude may be allowed with respect to unimportant, connecting or descriptive words.

We have also previously held that a false charge that an employee has been discharged from his employment, without more, is not slanderous per se. *Picard v. Brennan*, 307 A.2d 833, 835 (Me. 1973). Instead, it is the reason for the discharge rather than the discharge alone that can render the statement slanderous per se. *Id.* We hold that there is no appreciable difference in the words "dismissed" and "got rid of" in the context of the pleadings and the findings by the jury in this case.

Here, the jury found the exact words essential to the charges made—"he [plaintiff] is incompetent to work with children." The jury could reasonably infer in the context of the words spoken, as found by the jury, that the defendant intended to communicate to Poole and White that the plaintiff did not voluntarily leave his previous employment but was discharged because of his incompetence in working with children.

We hold the evidence was sufficient to support the verdict of the jury.

### IV.

The defendant further contends that the compensatory damages awarded the plaintiff were excessive because there was no evidence that the plaintiff suffered any monetary damages. We disagree.

The law is well settled that when the words found to have been used are slander per se, it is not necessary for the plaintiff to prove special damages or actual malice in order to recover a substan-tial amount. *Hall v. Edwards*, 138 Me. 231, 233, 23 A.2d 889, 890 (1942); *Restatement (Second) of Torts* § 621 (1976).[4] Actual malice may be shown for the purpose of enhancing damages. *Hall v. Edwards*, 138 Me. at 233, 23 A.2d at 890. Compensatory damages may include the elements of mental suffering, humiliation, embarassment, effect upon reputation and loss of social standing, so far as they have been proved or may reasonably be presumed. *McMullen v. Corkum*, 143 Me. 47, 54 A.2d 753 (1947); *Restatement (Second) of Torts* § 623 (1976). We have previously held that damage assessment is the sole province of the jury and an award of damages will be held excessive only if it is not rationally supportable. *Souza v. Bangor Hydroelectric Company*, 391 A.2d 349, 354 (Me. 1978); *Wallace v. Coca Cola Bottling Plants, Inc.*, 269 A.2d 117, 122 (Me.1970).

The jury heard testimony concerning the plaintiff's qualifications and experience in working with children during the number of years he had been employed by EMMC and thereafter. Through the testimony of the plaintiff and his wife, there was evidence of the mental anguish suffered by the plaintiff as a result of the defendant's statements. Superintendent Poole testified that after his telephone conversation with the defendant, he made no further referrals to the plaintiff "because I thought his effectiveness as an evaluator of children had been destroyed." The plaintiff testified that for the 11 students referred to him by Poole prior to December 1979, he had been paid $2,590. Based upon this evidence, the jury could find that in addition to the damages to reputation and for injury to feelings that are presumed to flow from the publication of slander per se, the plaintiff had suffered special damages. We also note that the jury found actual malice. Viewing the evidence, as we must, in the light most favorable to the plaintiff,

---

**4.** *Restatement of Torts* § 621, comment a (1938) states in substance that general damages for injury to reputation were presumed and awarded because the judgment of history was that "in many cases the effect of defamatory statements is so subtle and indirect that it is impossible to trace the effects thereof in loss to the person defamed."

we conclude that the jury's award of compensatory damages was rationally supported by the evidence, and we decline to disturb it.

## V.

Finally, the defendant contends absent statutory authority or extremely flagrant misconduct by and evidence of the net worth of the defendant, punitive damages may not be awarded. We disagree.

 When, as here, the jury finds actual malice on the part of the defendant, punitive damages may be awarded. *Tuttle v. Raymond,* 417 A.2d 1353 (Me.1985);[5] *Farrell v. Kramer,* 159 Me. 387, 390–91, 193 A.2d 560, 562–63 (1963). Nor do we accept the defendant's contention that absent evidence of the defendant's net worth punitive damages cannot be awarded. We have previously said that the court may consider a defendant's wealth in making an award of punitive damages. *Hanover Ins. Co. v. Hayward,* 464 A.2d 156, 158 (Me. 1983). We made clear, however, that wealth or lack thereof is one of the mitigating or aggravating factors that may be considered by the jury when determining whether punitive damages should be awarded. *Id.* Neither party offered evidence as to the defendant's assets.

Nothing in this record discloses that the jury in its consideration of all the circumstances surrounding the utterance of the alleged slander did not also consider all those mitigating and aggravating circumstances that could affect the award of punitive damages.

The trial court properly submitted all issues in this case to the jury and properly denied the defendant's motions for a judgment notwithstanding the verdict and for a new trial.

5. In *Tuttle,* we held an award of punitive damages required clear and convincing proof of malice. The issue of the standard of proof has

The entry is:

Judgment affirmed.

All concurring.

not been raised by this defendant. Accordingly, the defendant has not preserved for appeal any claim of error on that score.